IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JAMALA KENNEDY, Parent and Natural Guardian of JF, A Minor and Jamala Kennedy, In Her Own Right,<br>　　Plaintiff, | :<br>:<br>:<br>:<br>: | No. 21-cv-4103-JMY |
| v. | :<br>: | |
| CROTHALL HEALTHCARE, INC., GENERAL ELECTRIC COMPANY and DATEX-OHMEDA, INC.,<br>　　Defendants. | :<br>:<br>:<br>:<br>: | |

MEMORANDUM

**YOUNGE, J.**                                                                                            **JUNE 14, 2022**

**I.　　INTRODUCTION:**

Currently before this Court is Plaintiff's Motion to Remand to State Court Pursuant to 28 U.S.C. § 1447(c).  (Motion to Remand, ECF No. 15.)  Defendants General Electric Company and Datex-Ohmeda, Inc. (hereinafter respectively referred to as "GE" and "Datex" or collectively as "GE Defendants") removed this action to federal district court by arguing that jurisdiction is proper because Crothall Healthcare, Inc. (hereinafter "Crothall") was fraudulently joined in this litigation to defeat complete diversity jurisdiction under 28 U.S.C. § 1441(b) and 28 U.S.C. § 1332.  (Notice of Removal ¶¶ 7, 30, ECF No. 1.)

The Court finds this matter appropriate for resolution without oral argument.  Fed. R. Civ. P. 78; L.R. 7.1(f).  The Court further finds that the arguments made by the GE Defendants are unpersuasive and will grant the Plaintiff's Motion to Remand.

**II.　　FACTUAL BACKGROUND:**

Plaintiff, Jamala Kennedy, is a resident and citizen of Jacksonville, Florida.  (Notice of Removal ¶ 9.)  Defendant GE is incorporated in the state of New York and has its principal place

of business in Massachusetts. (*Id.* ¶ 13.) Defendant Datex is incorporated in the state of Delaware and has its principal place of business in Wisconsin. (*Id.* ¶ 14.) Datex is a wholly owned subsidiary of GE. (*Id.* ¶ 6.) Defendant Crothall is incorporated in Delaware and has its principal place of business in Wayne, Pennsylvania. (*Id.* ¶ 21.)

Plaintiff commenced this action in Philadelphia County by filing a Praecipe to Issue Writ of Summons on June 29, 2021. *Kennedy v. Crothall Healthcare, Inc, et al.*, No. 2210 (C.P. Philadelphia, June 29, 2021). Plaintiff then filed a Complaint on September 8, 2021. (Complaint, Notice of Removal, Ex. A, ECF No. 1 page 27-56.) Plaintiff's Complaint alleges that on October 26, 2017, Minor-Plaintiff J.F. ("Minor- Plaintiff") had a routine tonsillectomy and adenoidectomy in which Datex-Ohmeda Aisys CS2 Anesthesia System was used. (hereinafter the "Anesthesia System"). (*Id.* ¶¶ 16-17.) Plaintiff alleges the Anesthesia System malfunctioned and failed to deliver oxygen to Minor-Plaintiff. (*Id.* ¶ 25.) Plaintiff alleges that as a direct and proximate result of defects in the Anesthesia System in addition to the negligence of Defendants, Plaintiff experienced a loss of oxygen to her brain, suffered cardiac arrest and permanent incapacitating brain damage, and now remains in a permanent minimally conscious state. (*Id.* ¶¶ 31, 34.)

With specific reference to Pennsylvania-citizen Crothall, Plaintiff advances claims which include theories of strict liability (*Id.* ¶¶ 40-47), strict liability failure to warn (*Id.* ¶¶ 48-56), and negligence/recklessness. (*Id.* ¶¶ 75-92.) Plaintiff avers that Crothall undertook a duty to inspect and certify the Anesthesia System and in doing so, negligently failed to identify a dangerous condition that existed in the Anesthesia System and/or its dual-sided low-p test plug. (Motion to Remand ¶ 23, Ex. 8.) In support of this contention, Plaintiff cites to Crothall's own maintenance records which show that it inspected the Anesthesia System's electrical circuitry in November of

2016. (*Id.*) Plaintiff also cites to the fact that within hours of the Minor-Plaintiff's accident, Crothall was called in to inspect and diagnose problems with the Anesthesia System. (*Id.* ¶ 24, Ex 8 page 2.) Crothall's records also show that it inspected the Anesthesia System on at least two additional occasions after the accident. (*Id.*, Ex. 8.) Crothall admits that prior to the accident, it inspected the Anesthesia System's electrical circuitry in November of 2016. (Answer ¶ 18, ECF No. 11.)

### III.  LEGAL STANDARD:

The doctrine of fraudulent joinder is an exception to the requirement of complete diversity as a prerequisite for removal. The diverse defendant in a state court action may remove the case if it "can establish that the non-diverse defendants were fraudulently named or joined solely to defeat diversity jurisdiction." *In re Briscoe*, 448 F.3d 201, 216 (3d Cir. 2006). It is well established that a party shall be dismissed and its citizenship ignored if it is fraudulently joined in an attempt to defeat federal subject matter jurisdiction. *Boyer v. Snap-on-Tools Corp*, 913 F.2d 108, 111 (3d Cir. 1990). Joinder is fraudulent "where there is no reasonable basis in fact or colorable ground supporting the claim against the joined defendant, or no real intention in good faith to prosecute the action against the defendant." *Id*. A claim is colorable if it is not "wholly insubstantial and frivolous" in light of the relevant law. *Batoff v. State Farm Ins. Co.*, 977 F.2d 848, 852 (3d Cir. 1992).

In determining whether fraudulent joinder of a party exists, the court must look to the substantive law of the relevant state or states to determine if there is a colorable cause of action against that party. *Boyer*, 913 F.2d at 111. The Court of Appeals has stated, "[i]f there is even a possibility that a state court would find that the complaint states a cause of action against any one

of the resident defendants, the federal court must find that joinder was proper and remand the case to state court." *Boyer*, 913 F.2d at 111; *Batoff*, 977 F.2d at 851.

Our Court of Appeals has emphasized that the standard for determining whether a party is fraudulently joined is higher than the standard for dismissal under Rule 12(b)(6) of the Federal Rules of Civil Procedure. However, the court does not treat the issue of fraudulent joinder as if it were simply making a merits determination on a motion for summary judgment. *Boyer*, 913 F.2d at 112. A defendant asserting fraudulent joinder bears a heavy burden of persuasion. *Id.* "The district court conducting a fraudulent joinder analysis must consider the complaint at the time the notice of removal was filed, accepting the factual allegations of the complaint as true and resolv[ing] any uncertainties as to the current state of controlling substantive law in favor of the plaintiff." *Id.* In conducting its analysis, the court is not required to accept blindly the factual allegations of the complaint. It may go beyond the four corners of the pleadings in deciding the issue of fraudulent joinder, that is whether a claim against a defendant is wholly insubstantial and frivolous. *In Re Briscoe*, at 219-220; *See Reith v. Teva Pharmaceuticals USA, Inc.*, Nos. 18-3987 & 18-3992, 2019 WL 1382624 *3 (permitting limited discovery on the issue of fraudulent joinder).

**IV.  DISCUSSION:**

In removing this action to federal district court, the GE Defendants rely on the argument that Crothall was fraudulently joined to this litigation by the Plaintiff to defeat complete diversity jurisdiction under 28 U.S.C. § 1441(b) and 28 U.S.C. § 1332.[1] (Notice of Removal ¶¶ 24-34.)

---

[1] GE Defendants initially argued in the alternative that removal was proper because Crothall had not been properly served with the Complaint. (Notice of Removal ¶ 22.) However, they subsequently dispensed with this argument after learning that Crothall had been served with the Complaint. (Brief in Opposition page 2, ECF No. 17.) GE Defendants now rely solely on their theory of fraudulent joinder. (*Id.*)

The GE Defendants argue that Plaintiff's Motion should be denied because Crothall was fraudulently joined for the improper purpose of forum-shopping. (Opposition Brief pages 2, 4 & 9, ECF No. 17.)

The GE Defendants argument is unpersuasive because Plaintiff's claims against Crothall cannot be characterized as wholly unsubstantiated or frivolous. In conducting its analysis under the doctrine of fraudulent joinder, the Court will not find Plaintiff's claims so lacking in legal justification under the facts of this case as to be incapable of establishing a good faith intention to prosecute this action. From a legal perspective, Plaintiff brings claims against Crothall based on theories of negligence and strict liability. From a factual perspective, Plaintiff alleges that Crothall was, at the very least, involved in the maintenance of the electrical circuitry for the Anesthesia System. Crothall's inspection and maintenance records related to the Anesthesia System lend validity to Plaintiff's allegation that Crothall was involved or implicated in the facts giving rise to this litigation. Therefore, the Court will not dismiss Corthall based on the doctrine of fraudulent joinder.

Defendants make much to do about nothing when they argue Plaintiff does not actually intend to pursue a lawsuit against Crothall as evident in the fact that Plaintiff voluntarily dismissed Crothall from two prior – Pure Bill of Discovery – actions filed in Florida. (Opposition Brief page 8.) The fact that Plaintiff voluntarily dismissed Crothall from litigation filed in Florida does not prevent Plaintiff from later pursuing a personal injury lawsuit in Pennsylvania. In this Court's view, a voluntary dismissal of claims does not establish Plaintiff failed to act in good faith in the context of the fraudulent joinder doctrine.

Since the Court is not dismissing Crothall from this litigation, its status as a Pennsylvania citizen defeats federal diversity jurisdiction and the case must be remanded to state court. The

Supreme Court has stated, "A Defendant may remove an action on the basis of diversity of citizenship if there is complete diversity between all named plaintiffs and all named defendants, and no defendant is a citizen of the forum state." *Lincoln Property Co. v. Roche*, 546 U.S. 81, 84 (2005).  28 U.S.C. § 1441(b)(2) states, "A civil action otherwise removable solely on the basis of the jurisdiction under section 1332(a) of this title [28 USCS § 1332(a)] may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought."

## V.   CONCLUSION:

For these reasons, the Plaintiff's Motion to Remand will be granted, and an appropriate order will be entered.

BY THE COURT:

  /s/ John Milton Younge
Judge John Milton Younge